CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 31 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES EARL POTTS, | Case No. 7:06CV00524 |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| GEORGE HINKLE, | |
| | By: Jackson L. Kiser |
| Respondents; | Senior United States District Judge |

Petitioner James Earl Potts ("Petitioner"), a Virginia inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. The Respondent, George Hinkle, of the Virginia Department of Corrections ("Respondent") has filed a Motion to Dismiss. The parties have briefed the issues and I find that oral argument is unnecessary and would not significantly aid the decisional process. For the reasons stated below, the Respondent's Motion to Dismiss shall be **GRANTED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Potts was tried and convicted in a bench trial on January 8, 2004 for arson of an occupied dwelling. The court sentenced him to serve thirty years in prison with eighteen years suspended. The arson occurred on August 28, 2002. On that date, Potts visited the home of his former girlfriend, Jacqueline Bowyer, despite a restraining order against him. Bowyer testified at trial that Potts threatened to burn down her house. About twenty minutes later, when calling 911 to report her concerns, a house guest alerted her that the house was on fire. She testified that she saw Potts running away. The house guest, Kent McGrath, testified that he saw Potts' van driving

away from the scene, but he did not see Potts.

During the trial, the Assistant Fire Chief who investigated the fire, Tomas Roseberry, testified that the fire which destroyed Bowyer's house had involved an accelerant and that the fire had started near the front door. He also testified that an empty gas can was found near the front door. Police Detective Michael Brightwell, Jr. testified that he interviewed Potts pursuant to the Petitioner's arrest. Brightwell testified that Potts had admitted to being at the house, and that he was wearing clothes similar to the ones described by Bowyer in her testimony, but Potts did not admit to starting the fire.

Potts appealed his conviction and the Court of Appeals of Virginia affirmed the verdict on October 13, 2004. Record No. 0809-04-3. The Supreme Court of Virginia refused his petition for appeal. Record No. 042408. Potts then filed a habeas corpus petition with the Commonwealth of Virginia attacking the validity of his detention on six different grounds. The Virginia Supreme Court dismissed the petition on January 25, 2006. Record No. 051731. Potts then filed this federal petition for habeas corpus. His reasons for challenging the validity of his incarceration in this petition track closely with his reasons given in his state petition. Those grounds are:

1. Trial counsel were ineffective for failing to put on a defense at trial;

2. Trial counsel were ineffective for failing to call Peggy Potts (the Petitioner's mother), Joey Hatfield, and Tim Milligan as witnesses on Potts' behalf;

3. Trial Counsel were ineffective for failing to cross examine prosecution witnesses Tom Roseberry, D. R. Coffey, Thomas Simpson, Todd Clayton, Kathy Fitzgerald, and Michael Brightwell, Jr.;

4. Trial counsel were ineffective in denying Potts the right to testify on his own

behalf;

5. Trial counsel were ineffective because they failed to ask the court for an independent expert witness on fire forensics to rebut the state's expert witness;

6. Finally, Richard Lawrence, one of Potts' two trial attorneys, had a romantic affair with the victim in the case, and this alleged conflict of interest raises an inference of ineffective assistance of counsel;

The Respondent filed a Motion to Dismiss on October 12, 2006. The Petitioner filed a Response in Opposition on October 20, 2006.

## II. STANDARD OF REVIEW

A district court may grant relief under § 2254 to a petitioner "in custody pursuant to the judgment of a State court" on a "claim that was adjudicated on the merits in State court proceedings" when the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d). "A state court's decision is contrary to clearly established federal law under § 2254(d) where it 'applies a rule that contradicts the governing law set forth' by the United States Supreme Court or 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent.'" *Emmett v. Kelly*, 474 F.3d 154, 160–61 (4th Cir. 2007) (*quoting Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)) (alterations in original). A state court unreasonably applies clearly established federal law when it selects the correct rule from Supreme Court precedent but applies it unreasonably to a prisoner's case. *Id.* The federal courts must presume that the state court's

factual determinations are correct. 28 U.S.C.A. § 2254(e)(1). A habeas petitioner bears the burden of rebutting this presumption through clear and convincing evidence. *Id.*

When a court grants a motion to dismiss after considering matters outside the pleadings, the court treats a motion to dismiss as a motion for summary judgment. *Plante v. Shivar*, 540 F.2d 1233, 1234 (4th Cir. 1976). A court possess inherent power to enter summary judgment *sua sponte*, provided that the losing party has had notice that it must come forward and defend its claim. *United States Dev. Corp. v. People Fed. Sav. & Loan Ass'n*, 873 F. 2d 731, 735 (4th Cir. 1989). On October 13, 2006, this court mailed Potts a Roseboro Notice that specifically warned him that if I considered matters outside the pleadings, I might treat the Respondents' Motion to Dismiss as a motion for summary judgment. Thus, it is clear that he had sufficient notice of this possibility for me to consider the motion as one for summary judgment.

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted). Nevertheless, when the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."

*Anderson*, 477 U.S. at 252.

## III. DISCUSSION

The Petitioner has satisfied the statutory requirement of exhausting his state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (*citing Rose v. Lundy*, 455 U.S. 509, 518 (1982). State remedies are exhausted once they have been either presented to the highest court in the state or defaulted. *Matthews*, 105 F.3d at 910. Potts has added only one claim to those presented to the Supreme Court of Virginia, namely, the inclusion of Kathy Fitzgerald in the list of prosecution witnesses he claims should have been cross-examined by is trial counsel. The statute of limitations on presenting this claim to the state has since expired. Va. Code Ann. § 8.01-654. Therefore, that claim is defaulted and exhausted and can be appropriately considered in this habeas petition.

After reviewing these claims, I find that the petitioner has not established that he is entitled to habeas relief. All of the Petitioner's claims stem from the idea that Potts' trial counsel were ineffective and that he was prejudiced as a result. The Supreme Court developed a two part test for ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 688- 94 (1984). First, the petitioner must show that the attorney's performance at trial was "below an objective standard of reasonableness" in light of prevailing professional norms. *Id.* at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Schmitt v. Kelly*, 189 Fed. Appx. 257, 270 (4th Cir. 2006) (*quoting Strickland*, 466 U.S. at 689). Second, the petitioner must show that the attorney's deficiency prejudiced the defendant's case such that there is a reasonable probability that the outcome of the case would have been different but for

counsel's errors. *Strickland*, 466 U.S. at 694. Each prong of the *Strickland* test is a "separate and distinct element of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) (*citing Strickland*, 466 U.S. at 687).

Applying this test to the Petitioner's claims, I find that he has not shown that his trial counsels' performance was ineffective. First, Potts argued that his attorneys' decision not to present any evidence in response to the Commonwealth's case at his trial was ineffective. Potts quotes the trial transcript from the point at which the prosecutor closed his case and his defense attorney stated that "the defendant will not present any evidence." It is well known that constitutional Due Process places the burden of proving all elements of a crime beyond a reasonable doubt solely on the government in criminal cases. *Patterson v. New York*, 432 U.S. 197, 210 (1977). While the Defendant is entitled to an attorney who will "require the prosecution's case to survive the crucible of meaningful adversarial testing," this does not necessarily require the defense attorney to present evidence at trial. *United States v. Cronic*, 466 U.S. 648, 657 (1984). Indeed, the Supreme Court has acknowledged that "[i]f there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *Id.* at 657 n. 19.

In the Petitioner's case, his trial attorneys chose the strategy of attacking the credibility of the prosecution's witnesses in order to create reasonable doubt rather than presenting witnesses for the defense. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. Potts' trial attorneys stated that they were not aware of any witnesses at the time who could have been called on behalf of the defense. Potts had

admitted that he was parked near the home and watched the fire. The facts clearly demonstrated that the fire was caused by human agency. With no apparent affirmative defense, and no rebuttal evidence, the trial attorneys were well within the norms of the profession to try to create reasonable doubt in the Commonwealth's case instead of attempting a "useless charade."

Turning to the second claim, the Petitioner alleges that his trial counsel were ineffective for failing to call certain witnesses on the Petitioner's behalf. Potts claims that Joey Hatfield and his mother, Peggy Potts, would have provided alibis for him. He also claims that Tim Milligan was an eyewitness to the fire and would have provided an alternative explanation. The trial counsel for Potts said in affidavits that they were not aware of any witnesses which would have aided his defense at the time of trial. Without affidavits or sworn statements from the persons cited by the Petitioner, it would be mere speculation for me to say whether these persons were available and willing to testify at trial, let alone whether their testimony would have changed the outcome of the trial. Courts cannot find an attorney ineffective for failing to call a witness when the only evidence of that potential witness's testimony is the Petitioner's conclusory statements. *See, e.g., United States v. Davis*, 939 F. Supp. 810, 814 (D. Kan. 1996) (habeas petitioner cannot support ineffective assistance of counsel claim based on failure to call witnesses when there is no affidavit showing witnesses would have testified); *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984).

In his third claim, the Petitioner argues that his attorneys were ineffective for failing to cross examine prosecution witnesses Tom Roseberry, D. R. Coffey, Thomas Simpson, Todd Clayton, Kathy Fitzgerald, and Michael Brightwell, Jr. Courts are reluctant to second guess matters of trial strategy, and the decision to cross examine is an element of trial strategy. *United States v. Alomia-Torres*, No. 99-4387, 2000 U.S. App. LEXIS 12272, *4 (4th Cir. 2000)

(unpublished); *United States v. Saunders*, No. 06-CR-399, 2007 U.S. Dist. LEXIS 34815, *22-23 (E.D. Va. 2007) (unpublished). Even if the failure to cross-examine these witnesses was a clear example of deficient performance by the trial counsel, the Petitioner has not demonstrated prejudice by showing what information would have been revealed by cross-exam and how this would have affected the outcome of the case.

Turning to the Petitioner's fourth claim, he argued that his trial counsel were ineffective for refusing to allow him to testify on his own behalf. Potts' trial attorneys stated that they strongly advised Potts against testifying, and Potts agreed. Potts contends that his agreement was coerced and the result of his "lack of knowledge and his confusion." There may be a fine line between "strongly advising" and manipulating a client, but Potts has not demonstrated that the decision not to testify was anyone's other than his own. Even if I assume that Potts' attorneys coerced and manipulated him into silence, he has not shown how this conduct fell below "an objective standard of reasonableness" in light of prevailing professional norms. *Strickland*, 466 U.S. at 688. Nor has Potts revealed how his testimony would have changed the outcome of the case. Indeed, the record shows that he testified after the guilty verdict had been reached but prior to his sentencing and the trial court did not change the verdict based on his testimony.

The Petitioner's fifth claim is that his trial counsel were ineffective for refusing to call an independent expert witness to rebut the Commonwealth's fire investigation expert witness. I find that this claim fails because Potts has not shown that another expert would have changed the outcome of his trial. At trial, Roseberry, the Commonwealth's expert, testified that the fire was deliberately set, and traced its origin to a point near a discarded can of diesel fuel. Additionally, Roseberry ruled out accidental causes of the fire due to the heavy rain that night. While an expert witness for the defense may have been able to flesh out alternative theories of the cause of the

fire, Potts has not offered any example of an alterative theory. It would be pure speculation to say that a defense expert would have found an alternative explanation for the fire which would have changed the outcome of the case. Furthermore, the choice to seek alternative expert testimony is within the tactical choices a reviewing court should view with deference. Potts' trial counsel believed that any such request would have been denied. *Strickland*, 466 U.S. at 688. In this case, the trial counsel decided that the best strategy was to challenge the issue of the identity of the person who set the fire rather than the cause of the fire. This seems a reasonable choice in light of Roseberry's testimony.

Finally, I examine the Petitioner's claim that one of his attorneys, Richard L. Lawrence, was romantically linked with the victim of the arson, and that this conflict of interest is such that the "likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Cronic*, 466 U.S. at 659-660. The Petitioner failed to notice that the "presumption of prejudice" in *Cronic* is "reserved for cases in which counsel fails meaningfully to oppose the prosecution's case." *Florida v. Nixon*, 543 U.S. 175, 179 (2004) (*citing Cronic*, 466 U.S. at 659." The Supreme Court has said that these circumstances will be rare, indicated by a complete failure on the attorney's part. *Bell v. Cone*, 535 U.S. 685, 696-697 (2002).

The circumstances here do not show such a complete failure for several reasons. First, the accusation itself is dubious. In his affidavit, Lawrence characterized Pott's allegation as "preposterous and false" and the Supreme Court of Virginia likewise found the allegation to be baseless. Potts has offered no evidence to support his claim. Even if evidence supported the claim, a conflict of interest is not the type of circumstance which indicates a presumption of prejudice. *See, e.g., Mickens v. Taylor*, 535 U.S. 162, 173 (2002). Moreover, Potts was

represented by two attorneys, and he has alleged no deficient performance on the other attorney's behalf. As Potts has not demonstrated a "complete failure" nor how his attorney's alleged conflict of interest has prejudiced his case, his claim must fail.

Finally, the Petitioner argued that all of his claims should be considered together to demonstrate the violation of his constitutional right to effective assistance of counsel. I need not reach that issue. First, I have decided that all the claims taken separately were meritless. It stands to reason that six meritless claims have no more merit combined than they do individually. *United States v. Merlino*, 2 F. Supp. 2d 647, 669 (E.D. Pa. 1997) ("the cumulative effect of each non-error does not add up to ineffective assistance of counsel: zero plus zero is still zero"). Secondly, the law does not allow me to consider individual allegations of ineffective assistance collectively. *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998) ("To the extent this Court has not specifically stated that ineffective assistance of counsel claims, like claims of trial court error, must be reviewed individually, rather than collectively, we do so now").

IV. CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss the Petition for Habeas Corpus shall be **GRANTED**.

ENTERED this 31st day of May, 2007.

Senior United States District Judge